```
                                    FILED
                            CLERK, U.S. DISTRICT COURT

                              APR 2 2 2008

                            CENTRAL DISTRICT OF CALIFORNIA
                            BY                      DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DMITRI JUSTIN SYPHAX,                )    CASE NO. CV 07-02663 ABC (RZ)
                                     )
                    Petitioner,      )
                                     )    MEMORANDUM AND ORDER –
           vs.                       )    (1)   GRANTING RESPONDENT'S
                                     )          MOTION TO VACATE ORDER
T. FELKER, WARDEN,                   )          REQUIRING RESPONSE TO
                                     )          PETITION; and
                    Respondent.      )    (2)   DISMISSING PETITION AS
                                     )          SUCCESSIVE
                                     )
_____    )

The Court agrees with the assertion in Respondent's pending motion that this habeas petition is successive and lacks the required Court of Appeals authorization for such a petition.  As a result, this Court lacks jurisdiction to entertain it.

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b)(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

.   .   .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Nunez v.*

*United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought.  28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

In the Petition before the Court, Petitioner Dmitri J. Syphax attacks his 1996 conviction and lengthy prison sentence for robbery.  But as Respondent points out in the current motion, Petitioner challenged that conviction on habeas in this Court in 2001, and the Court dismissed that action with prejudice on November 20, 2001 as untimely.  *Syphax v. Knowles,* No. CV 01-0034 ABC (RZ).  Petitioner has not obtained Ninth Circuit authorization, as is required before he properly may file another habeas petition in this Court.  No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

Accordingly, the Court GRANTS Respondent's motion and VACATES the Order requiring a response to the petition.  IT IS ORDERED that the Petition is dismissed.

DATED:   4/22/08

AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE